[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The plaintiff Ortiz Agencies, Inc. brought this action seeking damages from the defendant City of New Haven based upon breach of contract or in the alternative, unjust enrichment. The plaintiff, a travel agency, provided airline and limousine tickets in 1998 to travel to Mobile Alabama in order for the defendant to compete in a national competition to be designated the "All American City". The airline tickets were ordered by Gary B. Hogan, Deputy Director of the Livable City Initiative Bureau, an agency of the defendant. When Hogan approached the plaintiff for the airline and limousine tickets he furnished his City of New Haven business card. Indeed, the first billing for the airline and limousine tickets in CT Page 274 the amount of $23,895.09 were paid by a check issued by the defendant's controller. Because of an error, a second check in the amount of $14,739.91 was also issued by the defendant's controller. Neither check indicated the funds were drawn on a special account.[1]
As a result of name changes made on tickets for travel to Alabama and additional tickets required for band members, there were supplemental charges of $12,055.00 which the defendant refused to pay, not because the sum is incorrect, but because it claims it is not liable.
The defendant with respect to the contract count raises the defense that it is not liable because, under the charter of the City of New Haven, contracts in excess of $5,000 require a formal bid or proposal; Charter, City of New Haven § 74(b); and it advances other technical defenses. Although the defendant's defenses with respect to the action based on contract are grossly unfair, it is technically correct that there can be no recovery under that theory. "All who contract with a municipal corporation are charged with notice of the F extent of . . . the powers of municipal officers and agents with whom they contract, and hence it follows that if the . . . agent had in fact no power to bind the municipality, there is no liability on the express contract. . . . Thus, every person who deals with a [municipal corporation] is bound to know the extent of its authority and the limitations of its powers" (internal quotation marks and citations omitted) Fennell v. Hartford,238 Conn. 809, 814 (1996). It is further certain that, no subsequent "ratification or estoppel can make lawful a municipal contract which is beyond the scope of the corporate power or which is not executed incompliance with mandatory conditions prescribed in the charter . . . . (Emphasis in original, internal quotation marks and citations omitted) Id. 818-19.
Nevertheless, the plaintiff also seeks recovery under the theory of unjust enrichment. "Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefitted, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." (Internal quotation marks omitted) Hartford Whalers Hockey Club v. UniroyalGoodrich Tire Co. 231 Conn. 276, 283 (1994); See, McQuillan, MunicipalCorporations, § 29.111.10 ("Ultra Vires Matters; illegal agreements)
The defendant was benefitted by the plane and limousine tickets. Hogan was directed by his supervisor to get involved in the All American City Committee. Indeed, Hogan admitted that he was acting as an agent and employee of the defendant when he participated in the committee. Designation of the defendant as the All American City was important for the prestige of the city. It is obvious that such a designation would be CT Page 275 significant in attracting business, industry and people to the city.
The designation could not be achieved without transporting residents to Mobil Alabama including the defendant's school band. Airline and other transportation was needed for the students and other representatives of the defendant. The important goal the defendant sought as a result of this journey to Mobile, Alabama was achieved. New Haven was in fact designated as-the All American City, a fact of which the defendant reminds the public when it displays in city hall the plaque it won in Mobile.
Clearly, the defendant unjustly failed to pay the plaintiff in full for the benefit it received as a result of the travel for the additional school band members and other residents and officials. The defendant's own accountant, Carolyn Hunihan, who reviewed the records and other documents conceded that if there was liability $10,740.64[2] would be due from the defendant. And of course, it was to the detriment of the plaintiff that this amount was not paid. It received no compensation from any other source. The court finds the defendant has been unjustly enriched and finds the issues for the plaintiff on the second count.
Judgment is entered in favor of the plaintiff against the defendant in the amount of $12,065.00 plus interest at the rate of ten percent per annum; General Statutes § 37-3a; from July 1, 1999 to date in the amount of $3016. In total judgment is entered in favor of the plaintiff for $15,081 plus taxable costs.
Berdon, J.T.R.